**Pamela HARRIS, et al., Plaintiffs,**

v.

**GENERAL DEVELOPMENT
CORPORATION, et al.,
Defendants.**

No. 88 C 9736.

United States District Court,
N.D. Illinois, E.D.

July 24, 1989.

Jeffrey L. Taren, Kinoy, Taren, Geraghty & Potter, P.C., Chicago, Ill., for plaintiffs Pamela Harris and Rhonda Green.

David B. Ritter and James W. Gladden, Jr., Mayer, Brown & Platt, Chicago, Ill., for defendants General Development Corp., Irv Hirshman and Gina Battaglia.

### ORDER

BUA, District Judge.

Plaintiffs Pamela Harris and Rhonda Green filed this Title VII class action complaining of defendants' alleged discriminatory employment practices. In their original complaint, Harris and Green brought suit "on behalf of all black persons who applied for jobs in the Chicago office of defendant General Development Corporation on or after October 1, 1986 and who were not hired [by] defendants." Harris and Green have now moved for leave to file an amended complaint so that they can expand the class of plaintiffs to include "all blacks who were discouraged from applying for jobs because of defendant's discriminatory recruiting, marketing and advertising policies."

■ Defendants oppose plaintiffs' proposed amended complaint on three grounds. First, defendants argue that plaintiffs have unduly delayed in filing their amended complaint. This argument is without merit. This case was only six months old when plaintiffs filed their motion to amend the complaint. More importantly, plaintiffs did not uncover the evidence on which their proposed amendment is based until certain documents were produced and certain depositions were taken shortly before the filing of their motion to amend. Therefore, plaintiffs have not procrastinated in seeking amendment of the complaint.

■ Defendants' second argument is that allowing plaintiffs to amend the complaint at this juncture of the case would cause defendants to suffer substantial and undue prejudice. Essentially, defendants maintain that discovery in this case is virtually complete and that plaintiffs' proposed amended complaint would necessitate substantial additional discovery. The court is not convinced, however, that allowing plaintiffs to amend their complaint will significantly protract discovery or delay the ultimate resolution of this case. Much of the discovery regarding alleged discrimination against persons discouraged from applying for jobs at General Development Corporation has already been completed. Moreover, no discovery cut-off date or trial date has been set in this case. Therefore, the court finds that defendants will not suffer undue prejudice from the amendment of the complaint. *See Gregg Communications Systems, Inc. v. American Telephone and Telegraph Co.*, 98 F.R.D. 715, 720–21 (N.D.Ill.1983).

■ Defendants' final argument is based on their claim that Harris and Green could not adequately represent persons discouraged from applying for jobs with General Development Corporation because Harris and Green actually applied for such jobs. Defendants maintain that since Harris and Green could not adequately represent the proposed class, plaintiffs' motion for class certification would surely be denied, making the proposed amendment futile. The court, however, finds that Harris and Green can adequately represent both rejected applicants and persons who allegedly were discouraged from applying. Plaintiffs complain that defendants instituted an employment policy of discriminating against blacks. This general policy allegedly manifested itself in both hiring and recruiting decisions made by defendants, thereby affecting persons who applied for jobs at General Development Corporation as well as individuals who allegedly were discouraged from applying for such jobs. Under these circumstances, there is sufficient common ground between applicants and persons discouraged from applying for both groups to participate in the same class. *See Phillips v. Joint Legislative Committee*, 637 F.2d 1014, 1024 (5th Cir. 1981) ("we have approved the practice of allowing rejected applicants to represent classes including those deterred from applying"), *cert. denied*, 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 483 (1982); *Christman v. American Cyanamid Co.*, 92 F.R.D. 441, 447 n. 12 (N.D.W.Va.1981) (same). *See also* 4 Newburg of Class Ac-

tions § 24.48, at 314 (2d Edition 1985) ("Rejected applicants for employment may represent classes which include other rejected applicants, deterred applicants, or both"). *Cf. General Telephone Company v. Falcon,* 457 U.S. 147, 159 n. 15, 102 S.Ct. 2364, 2371 n. 15, 72 L.Ed.2d 740 (1982) ("Significant proof that an employer operated under a general policy of discrimination conceivably could justify a class of both applicants and employees if the discrimination manifested itself in hiring and promotion practices in the same general fashion, such as through entirely subjective decisionmaking processes."). Therefore, the court rejects defendants' argument that plaintiffs' proposed amendment of the complaint is futile.

Accordingly, plaintiffs' motion for leave to file an amended complaint is granted.